**Caren COHN, Plaintiff–Appellant,**

v.

**LONG ISLAND STOVE, INC. and Gene Spivak, Defendants–Appellees.**

**Docket No. 00–7901.**

United States Court of Appeals, Second Circuit.

April 18, 2001.

Alan E. Wolin, Wolin & Wolin, Jericho, NY, for appellant.

Mark D. Lurie, Epstein, Becker & Green, P.C., Newark, NJ, for appellees.

Present McLAUGHLIN, PARKER and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant, Caren Cohn ("Cohn"), appeals from a July 7, 2000 judgment entered in the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*), which dismissed plaintiff's complaint alleging age discrimination, following a unanimous jury verdict in favor of defendants-appellees, Long Island Stove and Gene Spivak ("LIS" and "Spivak"). Appellate jurisdiction is based upon 28 U.S.C. § 1291.

Cohn brought this action alleging that LIS and Spivak terminated her employment as Vice President of Operations in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law, New York Executive Law § 296 *et seq.*

A trial by jury was held before the Hon. Arthur D. Spatt in the Eastern District of New York on June 7–9 and 12, 2000. The jury returned a verdict finding that Cohn did not prove that her employment as Vice President of Operations was terminated under circumstances giving rise to an inference of age discrimination. After the verdict, the plaintiff moved to set it aside as a matter of law. Cohn had not moved for a judgment as a matter of law before the case went to the jury. The district

court denied the plaintiff's post-verdict motion. On July 7, 2000, judgment was entered in favor of the defendants and the plaintiff's complaint was dismissed on the merits.

On appeal, Cohn claims that (1) the district court erred when it refused to set aside, as a matter of law, the jury's verdict in favor of the defendants, (2) the district court abused its discretion in several of its evidentiary rulings, and (3) the district court's instruction to the jury was erroneous.

This Court conducts a de novo review of a grant or denial of judgment as a matter of law. *See Fiataruolo v. United States*, 8 F.3d 930, 938 (2d Cir.1993); *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992). On appeal, this Court applies the same standard as the trial court, determining whether, "viewed in the light most favorable to the nonmoving party, 'the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached.'" *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 14 (2d Cir.1993) (quoting *Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir.1970)).

Cohn failed to make a motion for judgment as a matter of law "before submission of the case to the jury," Fed.R.Civ.P. 50(a)(2), and therefore her Fed.R.Civ.P. 50(b) motion for judgment as a matter of law was not properly made. Except as necessary to prevent manifest injustice, "[i]t is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 164 (2d Cir.1998). Based on the record, we hold

that the jury's verdict was entirely reasonable and that the district court's decision to deny Cohn's post-verdict motion for judgment as a matter of law will not create manifest injustice.

The evidentiary rulings of the district court are entitled to substantial deference and are reviewed only for clear abuse of discretion. *See Healey v. Chelsea Resources, Ltd.,* 947 F.2d 611, 619–20 (2d Cir.1991). "Further, even an erroneous evidentiary ruling will not lead to reversal unless affirmance would be 'inconsistent with substantial justice.'" *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir.1997) (quoting Fed.R.Civ.P. 61). Pursuant to Federal Rule of Evidence 611(b), we hold that the district court's rulings as to the scope of the defendants' cross-examination and re-cross-examination of the plaintiff do not constitute an abuse of discretion. Also, the district court's decision to allow defendant Spivak to testify as to his conversation with an outside accounting firm was not an abuse of discretion because the testimony helped establish Spivak's state of mind. Under Federal Rules of Evidence 401 and 403, the district court's ruling excluding both Bill Feinberg's testimony and Cohn's testimony about Joseph Reda's comments was not an abuse of discretion.

An erroneous jury charge is one that misleads the jury as to the proper legal standard or does not adequately inform the jury of the law. *See Luciano v. Olsten Corp.,* 110 F.3d 210, 218 (2d Cir.1997). "Challenged jury instructions are reviewed *de novo,* but this Court will reverse only if all of the instructions, taken as a whole, caused the defendant prejudice. *United States v. Bok,* 156 F.3d 157, 160 (2d Cir. 1998); *see also Thornley v. Penton Publ'g, Inc.,* 104 F.3d 26 (2d Cir.1997) (holding that to grant a new trial the error must be more than harmless)." *Hester v. BIC Corp.,* 225 F.3d 178, 186 (2d Cir.2000). We hold that the district court's jury instruction, taken as a whole, did not mislead the jury and articulated the proper legal standards. Therefore, we reject appellant's arguments concerning the jury charge.

For the reasons set forth above, the judgment of the district court is AFFIRMED.